UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

STEPHAN DEPAEPE,

          Plaintiff,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.

Case No. 3:11-cv-01335-HA

OPINION AND ORDER

HAGGERTY, District Judge:

Plaintiff Stephan DePaepe seeks judicial review of a final decision by the Commissioner

of the Social Security Administration denying his application for Disability Insurance Benefits

(DIB). This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §

405(g). After reviewing the record, this court concludes that the Commissioner's decision must

be REVERSED AND REMANDED for further proceedings.

STANDARDS

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist in a significant number in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). On the other hand, if the Commissioner can meet its burden, the claimant is deemed to be not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it

OPINION AND ORDER- 2

supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision, the decision must be set aside. *Id.* at 720.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff was born on September 20, 1971. Plaintiff protectively filed his application for DIB on December 21, 2009 alleging that he has been disabled since May 15, 2008, based on a number of physical and mental impairments, including: degenerative disc disease, depression, patellofemoral syndrome, hip bursitis, interphalangeal joint sprain, gastroesphageal reflux disease (GERD), sciatica, colitis, genital herpes, hypercholesterolemia, nerve damage from a gunshot wound, and post-traumatic stress disorder (PTSD). Plaintiff was last insured for purposes of benefits eligibility on December 31, 2012. His application was denied initially and upon reconsideration.

An Administrative Law Judge (ALJ) conducted a hearing on May 25, 2011. The ALJ heard testimony from plaintiff, who was represented by counsel; an impartial medical expert, and an impartial vocational expert (VE). On June 6, 2011, the ALJ issued a decision finding that plaintiff was not disabled as defined in the Social Security Act. The ALJ found that plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine, patellofemoral syndrome, hip bursitis, and mood versus depression disorder. Tr. 19, Finding 3.[1]

---

[1] Tr. refers to the Transcript of the Administrative Record.

OPINION AND ORDER- 3

Additionally, the ALJ found that plaintiff suffered from the following non-severe impairments: interphalangeal joint sprain, GERD, sciatica, colitis, and PTSD. *Id.* The ALJ determined that plaintiff's severe impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 23, Finding 4. Accordingly, the ALJ determined plaintiff's RFC.

The ALJ concluded that plaintiff's RFC allowed him to:

> perform less than the full range of light exertion . . . with occasional limitations in climbing stairs or equivalent ramps and in doing balancing, stooping, kneeling, crouching, and crawling. He cannot climb ropes, ladders, and scaffolding. He is granted a sit-stand option allowing changes in positions at 30-minutes to 1-hour increments. He can do simple, routine tasks requiring no more than occasional public interaction and no need to work in close coordination or cooperation with co-workers to complete job tasks.

Tr. 24, Finding 5. Based on plaintiff's RFC and testimony from the VE, the ALJ determined that plaintiff was unable to perform any of his past relevant work. Tr. 28, Finding 6. The ALJ found, however, that plaintiff could perform other work existing in significant numbers in the national economy including work as a paper sorter/recycler and laundry folder. Tr. 29, Finding 10. Therefore, the ALJ concluded that plaintiff was not disabled. The Appeals Council denied plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently initiated this action seeking judicial review.

## DISCUSSION

Plaintiff contends that this court must reverse and remand the Commissioner's final decision for an immediate award of benefits based on a number of alleged errors including: (1) the ALJ's failure properly consider a number of allegedly severe impairments; (2) the ALJ's failure to determine that plaintiff's impairments met two of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (3) the ALJ's improper rejection of a treating physician's

OPINION AND ORDER- 4

opinion; (4) the ALJ's improper rejection of plaintiff's testimony; and (5) the ALJ's improper

construction of plaintiff's RFC.

### 1) Plaintiff's Impairments

Plaintiff argues that at step two in the sequential analysis, the ALJ erred in ignoring some

impairments and inadequately assessing others.  Plaintiff bears the burden of proving the

existence of severe impairments that prevented him from engaging in substantial gainful activity

for at least twelve continuous months.  42 U.S.C. § 423(d)(1)(A); *Tidwell v. Apfel*, 161 F.3d 599,

601 (9th Cir. 2001).  An impairment is nonsevere if it is a slight abnormality that has "no more

than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290

(9th Cir. 1996).  A severe impairment results from anatomical, physiological, or psychological

abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic

techniques, and cannot be established by the plaintiff's statements regarding his symptoms alone.

*See* 42 U.S.C. § 423(d)(3); 20 C.F.R. § 416.908.

Plaintiff argues that the ALJ improperly dismissed plaintiff's interphalangeal joint sprain,

GERD, sciatica, colitis[2], and PTSD as non-severe.  Additionally plaintiff argues that the ALJ did

not directly consider plaintiff's gastroenteritis, genital herpes, chronic pain syndrome,

hypercholesterolemia, or the tibial nerve damage in his lower right leg stemming from a gunshot

wound.[3]  The ALJ is required to consider all of the evidence; however, "in interpreting the

---

[2] Plaintiff provides little substantive argument or evidence that his interphalangeal joint sprain, GERD, sciatica, or colitis are severe and the court concludes that the ALJ's dismissal of these impairments as non-severe was supported by the record.  These alleged impairments will not be discussed further.

[3] Although the ALJ did not directly address plaintiff's alleged gastroenteritis, genital herpes, chronic pain syndrome, hypercholesterolemia, and tibial nerve damage, plaintiff offers

OPINION AND ORDER- 5

evidence and developing the record, the ALJ does not need to 'discuss every piece of evidence.'"

*Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (citing *Black v. Apfel*, 143

F.3d 383, 386 (8th Cir. 1998).

In discussing plaintiff's alleged PTSD, the ALJ noted that the diagnosis was "added 'by

history,' resulting in a repeat [Global Assessment of Functioning] score of 55" and that the

diagnosis "was first suggested by nurse practitioner when plaintiff "answered 'yes' to four PTSD

screening questions on January 6, 2009." Tr. 21. The ALJ also referenced the results of a

psychological evaluation conducted on June 17, 2010 in which a nurse practitioner assessed

plaintiff as having a PTSD Checklist (PCL) score of 81, reflecting symptoms in the past week.

*Id.* Although not noted by the ALJ, a PCL score of 81 is consistent with a "very severe level of

PTSD." Tr. 945. The ALJ wrote that plaintiff's "mental health picture is further clouded by his

inconsistent reporting regarding marijuana and alcohol use," though he later dismisses those

issues as not impacting plaintiff's functioning. Tr. 21. The ALJ then finds that "[a]lthough Dr.

Turner, in a summary note dated May 19, 2010, assessed claimant's PTSD as disabling, the notes

from his other treating physicians . . . all see his alleged PTSD as historical less than a year later,

which is yet another factor in finding that impairment as non-severe because it was medically

documented as not severe for a sufficient duration."[4] Tr. 22. The ALJ also stated, after

concluding that plaintiff had severe mood versus depressive disorder rather than PTSD, "that

_____

scant evidence that these impairments are severe. However, as the court is remanding this matter
for further proceedings, plaintiff will have the opportunity to offer evidence demonstrating that
they are severe.

[4] Although the court disagrees with the ALJ's conclusions, the court also notes that even
if plaintiff's PTSD were in fact historical in 2011, he still would have had a severe impairment of
PTSD from at least January 6, 2009 until May 19, 2010, a period of more than twelve months.

OPINION AND ORDER- 6

regardless of precise diagnoses, all mental health symptoms have been fully considered." Tr. 22.

The court finds that the ALJ's determination that plaintiff's PTSD was non-severe is not supported by substantial evidence in the record. Multiple treatment providers were of the opinion, based on the PCL and plaintiff's self-report that his PTSD was a severe impediment to his occupational functioning. As discussed above, on May 19, 2010, Doctor Turner[5] opined that plaintiff's PLC score of 81 "is well above the usual cutoff score of 50 required to make the diagnosis of PTSD" and that his "symptoms are currently disabling enough to preclude full-time competitive employment." Tr. 948-49. Additionally, Dr. Jason Quiring, PHD, wrote that plaintiff's PTSD was likely the result of "military trauma . . . including friendly fire of white phosphorous on the veteran and also a helicopter crash." Tr. 908. While Dr. Quiring did not think plaintiff's PTSD led to "total occupational and social impairment," he did think it caused deficiencies in plaintiff's family relations, mood, and work. Tr. 906-07. He also noted that plaintiff "is unemployed related to his mental health concerns," and that "[h]is attention problems are interfering with productivity." Tr. 907; *see also* Tr. 373 (noting positive PTSD screening test); Tr. 804-06 (assessing plaintiff with PCL score of 81 and noting plaintiff's anger issues); Tr. 919.

Defendant argues that any error is assessing plaintiff's PTSD is harmless as the ALJ specifically noted that he considered all of plaintiff's mental health symptoms regardless of cause and because the ALJ later made allowances for plaintiff's symptomology at step five in the sequential analysis. The ALJ may not inoculate errors committed at step two by making blanket

---

[5] Doctor Turner later issued a post-decisional opinion that plaintiff's PTSD was disabling. Tr. 955-59. Though that opinion was not assessed by the ALJ, it was implicitly rejected by the Appeals Council.

OPINION AND ORDER- 7

statements that he considered all mental health symptoms. The symptoms of a depressive mood disorder and PTSD are not identical and dismissing the symptoms of plaintiff's PTSD as non-severe at step two suggests that the ALJ did not account for all of plaintiff's impairments at step five. *Smolen*, 80 F.3d at 1290 ("having found [the plaintiff] to suffer from only one 'severe' impairment at step two, the ALJ necessarily failed to consider at step five how the combination of her other impairments-and resulting incapacitating fatigue-affected her residual functional capacity to perform work"). Additionally, by dismissing plaintiff's PTSD as non-severe, the ALJ was unable to appropriately consider the opinions of those treatment providers concluding that plaintiff's PTSD was severe or to accurately evaluate plaintiff's symptom testimony.

The court has reviewed the remainder of plaintiff's assignments of error and concludes that the only error committed by the ALJ was in failing to assess plaintiff's PTSD as severe. However, this error taints the remainder of the ALJ's findings and constitutes reversible error. Because the ALJ rejected plaintiff's PTSD as non-severe, the ALJ also erred in assessing plaintiff's testimony, in considering the opinion of Dr. Turner, and in creating plaintiff's RFC.

A remand for further proceedings is unnecessary if the record is fully developed, and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of disability can be made.

Upon remand, the ALJ shall consider plaintiff's PTSD to be severe and shall reassess the evidence in light of that finding. Plaintiff shall have the opportunity to submit additional

OPINION AND ORDER- 8

evidence regarding his alleged impairments. The ALJ shall consider whether plaintiff meets any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, and if not, shall reformulate plaintiff's RFC.

## CONCLUSION

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner denying Stephan DePaepe's application for DIB must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this ruling and the parameters provided herein.

IT IS SO ORDERED.

DATED this __9__ day of October, 2012.

_____
Ancer L. Haggerty
United States District Judge

OPINION AND ORDER- 9