UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

STEPHAN DEPAEPE,                                    Case No. 3:11-cv-01335-HA

       Plaintiff,                                        ORDER

   v.

COMMISSIONER of Social Security,

       Defendant.

———————————————————

HAGGERTY, District Judge:

On October 9, 2012, this court entered a Judgment [20] reversing the decision of the Administrative Law Judge and remanding this matter to the Commissioner of Social Security for further proceedings. Following the remand, plaintiff was awarded benefits.

1 -- ORDER

Plaintiff's counsel now moves for a fee award of $10,678.25 pursuant to 42 U.S.C. §

406(b)(1)(A).  Plaintiff's counsel was previously awarded $6,417.66 pursuant to the Equal

Access to Justice Act (EAJA), 28 U.S.C. § 2412.  Any amount awarded now would be awarded

after subtracting the EAJA award.[1]  Although defendant does not object to the proposed award,

this court performs an independent review to ensure that the award is reasonable.  *Gisbrecht v.*

*Barnhart*, 535 U.S. 789, 807 (2002).  For the following reasons, plaintiff's counsel's Unopposed

Motion for Attorney Fees [24] is granted.

## DISCUSSION

After entering a judgment in favor of a Social Security claimant, the court may award a

reasonable fee to the claimant's counsel that does not exceed twenty-five percent of the total

amount of the past-due benefits to which the claimant is entitled.  42 U.S.C. § 406(b)(1)(A).

Pursuant to the statutory guidance, plaintiff and his attorney executed a fee agreement providing

that counsel's fee following a favorable outcome from this court would equal twenty-five percent

of any past-due benefits received.  This agreement is within the statutory limits.

The fee award currently sought by counsel represents sixteen percent of plaintiff's total

award of past-due benefits.[2]  The requested contingent fee award for plaintiff's counsel, however,

is neither automatic nor presumed.  *Dunnigan v. Comm'r*, Civil No. 07-1645-AC, 2009 WL

6067058, *7 (D. Or. Dec. 23, 2009) (quoting *Gisbrecht*, 535 U.S. at 807 n.17).  This court may

reject a contingent fee agreement that fails to "yield reasonable results" in a particular case.

---

[1] Plaintiff's counsel appears to assert that the previously awarded EAJA fee would be
provided to plaintiff rather than subtracted from any amount awarded now.

[2] Plaintiff's counsel appears to believe the requested amount is twenty-five percent of the
past due benefits, however, as the EAJA award is subtracted from the § 406(b) fee award,
counsel has only requested sixteen percent of the past due benefits.

*Gisbecht*, 535 U.S. at 807.  Counsel therefore must establish that the requested award is reasonable, even if it does not exceed the twenty-five percent ceiling.  *Id.*

This court may reduce a contingent fee in cases in which the attorney provided substandard representation, engaged in dilatory conduct that increased the accrued amount of past-due benefits, or if the benefits were disproportionate to the amount of time spent on the case. *Id.* at 808.  In deciding the reasonableness of the fee, the court should consider: (1) the character of the representation; (2) the results achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" such that the award would constitute an unwarranted windfall. *Crawford v. Astrue*, 586 F.3d 1142, 1151-53 (9th Cir. 2009).

The record in this case provides no basis for a reduction in the requested § 406(b) fee due to the character of counsel's representation, the results obtained, or any delay.  Plaintiff's counsel presented some sound arguments in her opening brief that resulted in a remand for further proceedings and an eventual award of benefits for her client.  Plaintiff's counsel sought, and was granted, one brief extension of time of approximately two-weeks in which to file the opening brief.  Though this delay caused some minimal past due benefits to accrue, the court does not find a reduction is in order for such a short delay.  Accordingly, a reduction of counsel's fee request is unwarranted under these three factors.

A district court may reduce a § 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbecht*, 535 U.S. at 808).  The Supreme Court explained that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbecht*, 535 U.S. at 808. The Ninth Circuit has also recently explained that this court may evaluate the complexity and

3 -- ORDER

risks of the *specific* case at issue when assessing the reasonableness of a fee request. *Stokes v. Comm'r of Soc. Sec. Admin.*, No. 10–35628, 2011 WL 1749064, at *1 (9th Cir. 2011) (quoting *Crawford*, 586 F.3d at 1153). This court does not provide an in depth review of the general risks of Social Security cases, because the general risks in all Social Security cases are the same. In this court's estimation, this case was of average risk for a Social Security case.

Plaintiff's counsel worked 45.8 hours on this case. The requested fee award results in an hourly rate of $233. The total award sought in this case is reasonable given the risks, the time spent, and the result achieved.

**CONCLUSION**

For the reasons stated, counsel's Unopposed Motion for Attorney Fees [24] is granted. Counsel is entitled to $10,678.25 in § 406(b) fees. After subtracting the $6,417.66 EAJA fee award previously granted to counsel, the final fee award is $4,260.59. *Gisbrecht*, 535 U.S. at 796.

IT IS SO ORDERED.

DATED this _18_ day of August, 2014

Ancer L. Haggerty
United States District Judge